WARNER, J.,
concurring in part and dissenting in part.
I concur in the majority opinion, except as to the two Corya trusts. Each of those trusts had a provision that required annual accountings by the trustee to be provided to “beneficiaries eligible within the period covered thereby to receive benefits from the trust which is the subject of said account.” In other words, if a beneficiary was not entitled to a distribution during the accounting period, that beneficiary was not entitled to receive or inspect the annual accounting. As to both trusts, Sanders did not prove that he was eligible to receive any benefits from the trust during any annual period. Since the trust had an express provision which did not require an accounting to Sanders, the trustee was not compelled to furnish an accounting until the enactment of section 736.0105(2)(s), Florida Statutes, in 2007. That statute provided that a trust provision could not prevail over the duty to account pursuant to section 736.0813(l)(c) and (d). As Sanders met the statutory definition of a qualified beneficiary, he was entitled to an accounting, even though the trust provided otherwise. Therefore, I would hold that the trustee had no duty to provide ac-countings prior to the effective date of the statute.